NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Submitted April 13, 2017[*]
Decided April 14, 2017

Before

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

| | |
|---|---|
| No. 16-3917 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| JOSEF BOZEK and EVA BOZEK, *Plaintiffs-Appellants,* | |
| *v.* | |
| BANK OF AMERICA, N.A., *et al.,* *Defendants-Appellees.* | No. 16 C 3100 Jorge L. Alonso, *Judge.* |

**Order**

A state judge ordered the home of Josef and Eva Bozek sold in foreclosure. In this federal suit under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1964(c), and other federal statutes, the Bozeks accuse their lender and other financial institutions of racketeering and discrimination. They sought a federal injunction against the sale that the state court ordered. The district judge declined to enjoin the sale, and

---

[*] We have concluded that oral argument is unnecessary because the facts and argument are adequately presented in the briefs and record. See Fed. R. App. P. 34(a)(2)(C).

although the federal suit remains pending the Bozeks immediately appealed on the authority of 28 U.S.C. §1292(a)(1).

The Bozeks' home was sold in October 2016, and a state judge confirmed the sale the following month. See 735 ILCS 5/15-1508. Appellees contend that this moots the federal suit, but it does not, if only because the appellate judiciary of Illinois might reverse or modify the order confirming the sale. And a federal court could in principle order the sale undone. A case is not moot as long as some relief is possible, see *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016), and that's true of the Bozeks' situation.

This is as far as they get, however, because a federal injunction precluding enforcement of a state court's order is forbidden by the Anti-Injunction Act, 28 U.S.C. §2283. None of that statute's three exceptions—injunctive relief "expressly authorized by Act of Congress, or where necessary in aid of [the federal court's] jurisdiction, or to protect or effectuate its judgments"—applies to the Bozeks' request. They contend that the state court lacks jurisdiction and that there are other defects in the foreclosure proceeding, but those defenses must be presented to and resolved by the state court.

AFFIRMED